BOARD OF TRANSPORTATION v. CARLTON KENTWOOD TURNER AND WIFE, NANCY FLOW TURNER; MARY FRANCES McPHERSON MORRISETTE AND HUSBAND, LUCIEN F. MORRISETTE; J. M. DUFF, TRUSTEE; AND FIRST UNION NATIONAL BANK

No. 771SC591

(Filed 20 June 1978)

**1. Deeds § 12— reservation in deed—no fee simple estate—leasehold**

A deed which conveyed a tract of land and reserved to the grantors "the ownership of and right to bargain with and to sell to the North Carolina State Highway Commission a right-of-way parallel to the existing right-of-way of Ehringhaus Street up to and including twenty (20) feet, but no more, for a period of ten (10) years from the date of this deed" did not give the grantors a fee simple estate in the twenty foot right-of-way but gave them only a leasehold for a term of ten years.

**2. Deeds § 14— reservation—proceeds from condemnation of right-of-way**

A provision in a deed which reserved in the grantors the right to "any monies or benefits received from the North Carolina State Highway Commission for the sale of" a twenty foot right-of-way in the property conveyed did not constitute a void restraint on alienation and gave the grantors the right to all the proceeds resulting from a condemnation of the right-of-way by the State Board of Transportation.

APPEAL by defendants Morrisette from *Tillery, Judge.* Judgment entered 16 May 1977 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 7 April 1978.

This proceeding is a motion in the cause filed by defendants Morrisette and arising out of an action instituted by plaintiff seeking to determine just compensation for the taking of a fee simple title in certain property. The action was commenced in December 1975 and named all the defendants as persons with an interest in the condemned property by virtue of a deed from defendants Morrisette to defendants Turner. This deed was executed 22 October 1970 by the Morrisettes and conveyed to the Turners a fee simple interest in a tract of land including the condemned property, a twenty foot right-of-way, with the following exception:

"Excepting however, this property is conveyed on the condition that the Grantors reserve the ownership of and the right to bargain with and to sell to the North Carolina State Highway Commission a right-of-way parallel to the existing right-of-way of Ehringhaus Street up to and including twenty (20) feet, but no more, for a period of ten (10) years from the date of this deed, and any monies or benefits received from the North Carolina State Highway Commission for the sale of this right-of-way is reserved to and to be the sole property or income of the Grantors."

A consent judgment was rendered on 29 March 1976 pursuant to which $3500.00 was delivered to the Clerk of Superior Court for disbursement to the named defendants. Upon the Clerk's attempted distribution, each group of defendants refused to accept partial disbursement. Thereafter, the Morrisettes filed a motion in the cause alleging that they were entitled to the entire $3500.00 by reason of the reservation in the deed to the Turners.

Following a hearing on the motion, the trial court ruled that the Morrisettes were not entitled to all the proceeds, but only to such amount as shall be adjudged to have been deposited as payment for the taking of the subject property. The remaining funds shall go to the Turners as compensation for damage to improvements and loss of business. Defendants Morrisette appealed.

*Twiford, Trimpi and Thompson, by John G. Trimpi, for the appellants.*

*O. C. Abbott for the appellee.*

MARTIN, Judge.

Defendants Morrisette assert basically two grounds in support of their contention that they are entitled to *all* the proceeds: first, they contend that they retained, by an express exception in the October 1970 deed to the Turners, a fee simple interest in the right-of-way for ten (10) years; and second, they contend that by express language in the same exception, they reserved the right to all proceeds resulting from a condemnation of the right-of-way. While we do not agree with the first position taken by defendants Morrisette, we find merit in their second contention.

The determination of the questions raised by the Morrisettes' appeal rests solely upon the language contained in the exception clause of the 1970 deed, and this Court's interpretation thereof.

[1] At the outset, we turn to the language of the exception clause pertinent to the Morrisettes' contention that they retained a fee simple interest in the twenty (20) foot "right-of-way." The October 1970 deed which conveyed to the Turners a fee simple in a tract of land, including the twenty (20) foot strip now at issue, also stated "that the Grantors [Morrisettes] reserve the *ownership of* and *right to bargain with* and *to sell* to the North Carolina State Highway Commission a right-of-way parallel to the existing right-of-way of Ehringhaus Street up to and including twenty (20) feet, but no more, for a period of ten (10) years from the date of this deed. . . ." In view of the above emphasized portions of the exception, the Morrisettes' purpose clearly seems to have been to reserve a fee simple interest and, in point of legal description, the language utilized was sufficiently definite to do so. *See Hughes v. Highway Commission*, 2 N.C. App. 1, 162 S.E. 2d 661 (1968).

However, the interest reserved was limited in duration to ten (10) years. This element alone prevents the interest reserved by the subject exception from rising to the dignity of a fee simple estate. A fee simple is a "freehold estate," and it is familiar learning that a freehold estate is "an interest in real property, the duration of which is not fixed by a specified or certain period of time, but must, or at least may, last during the lifetime of some person." 4 Thompson on Real Property, § 1850 (1961). Indeed, the true test of a freehold is its indeterminate tenure. *Id.* Thus, the effect of the subject exception, with regards to the respective interests of the parties defendant, was at most to reserve to the Morrisettes the use and enjoyment of the twenty (20) foot right-of-way for a term of ten (10) years. Such an interest can never rise above the dignity of a leasehold estate. Accordingly, the fee passed to the Turners by the 1970 deed. However, for the reasons indicated below, this determination does not entitle the Turners to the proceeds arising from the condemnation.

[2] In the remainder of the exception clause, the Morrisettes reserved the right to claim "any monies or benefits received from the North Carolina State Highway Commission for the sale of this right-of-way. . . ." Defendants Morrisette contend that this portion of the exception created a valid and enforceable reservation of the right to all proceeds resulting from the condemnation of the subject right-of-way. We must agree.

The most common attack on provisions similar to the above quoted reservation is that they constitute restraints on alienation and as such are void on the ground that they are repugnant to the estate granted. *See* Annot., 123 A.L.R. 1474. However, in the only authority which this Court can find on point, a distinction was drawn where the reservation pertained, as in the instant case, to the right to claim proceeds which resulted from condemnation, a *compulsory taking* of the fee, as opposed to a voluntary sale or conveyance. *Re Application of Mazzone*, 281 N.Y. 139, 22 N.E. 2d 315 (1939). That case held that unlike the reservation of proceeds from a voluntary sale, the reservation by a grantor of the right to claim proceeds resulting from a condemnation was not intended and did not have the effect of restricting the full and free conveyance of the property. An important factor in that court's decision, and one we believe equally important in the instant case, was that the possibility of future condemnation was

obvious to the bargaining parties and almost certainly taken into consideration by them and thus, must have made a material difference in the computation of the purchase price. Here, there was no reservation of any right in the property repugnant to the granting of a fee, only the reservation of a right to the proceeds of a forced sale if such should occur within the ten (10) year period. Based on the foregoing, we perceive of no reason why the Morrisettes should be deprived of the right which they expressly reserved to all the proceeds from the condemnation.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.